1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Ronald J. Allison,

     Plaintiff

v.

Stein Forensics Unit, et al.,

     Defendants

Case No.:  2:21-cv-01884-APG-NJK

**Order**

Plaintiff Ronald J. Allison brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Nevada Adult Mental Health Services. ECF No. 1-1.  On October 15, 2021, the magistrate judge ordered Allison to submit a complaint in compliance with Local Special Rule 2-1 (LSR 2-1) and file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee by December 13, 2021. ECF No. 3.  The magistrate judge warned Allison that the action could be dismissed if he failed to submit a complaint in compliance with LSR 2-1 and file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. *Id.* at 4.  That deadline expired and Allison did not submit a complaint in compliance with LSR 2-1 and file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

**I.      Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See*

1   *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply

2   with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

3   *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

4   order).   In determining whether to dismiss an action on one of these grounds, I must consider:

5   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

6   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7   cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

8   *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*

9   *v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

10         The first two factors (the public's interest in expeditiously resolving this litigation and the

11   court's interest in managing its docket) weigh in favor of dismissing Allison's claims.  The third

12   factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a

13   presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

14   ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th

15   Cir. 1976).  The fourth factor (the public policy favoring disposition of cases on their merits) is

16   greatly outweighed by the factors favoring dismissal.

17         The fifth factor requires me to consider whether less drastic alternatives can be used to

18   correct the party's failure that brought about the court's need to consider dismissal. *See Yourish*

19   *v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic

20   alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*

21   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

22   force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives

23   prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial

1   granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have

2   been "eroded" by *Yourish*).  Courts "need not exhaust every sanction short of dismissal before

3   finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*

4   *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Because this action cannot realistically proceed

5   unless Allison either files a fully complete application to proceed *in forma pauperis* or pays the

6   $402 filing fee for a civil action, the only alternative is to enter a second order setting another

7   deadline.  But the reality of repeating an ignored order is that it often only delays the inevitable

8   and squanders the court's finite resources.  The circumstances here do not indicate that this case

9   will be an exception: there is no hint that Allison needs additional time or evidence that he did

10  not receive the court's order.  Setting another deadline is not a meaningful alternative given these

11  circumstances.  So the fifth factor favors dismissal.

12  **II.     Conclusion**

13        Having thoroughly considered these dismissal factors, I find that they weigh in favor of

14  dismissal.

15        I THEREFORE ORDER that this action is dismissed without prejudice based on

16  Allison's failure to submit a complaint in compliance with LSR 2-1 and file a fully complete

17  application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the

18  magistrate judge's October 15, 2021 order.  The Clerk of Court is directed to enter judgment

19  accordingly and close this case.  No other documents may be filed in this now-closed case.  If

20  Allison wishes to pursue his claims, he must file a complaint in a new case.

21        Dated: December 21, 2021

22                                                                    _____
                                                                      ANDREW P. GORDON
23                                                                    UNITED STATES DISTRICT JUDGE

3